# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:11-cv-231-RJC

| | | |
|---|---|---|
| **TERRANCE L. JAMES-BEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **STATE OF NORTH CAROLINA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on a Motion for Reconsideration and Motion for

Evidentiary Hearing by Petitioner (Doc. No. 5). The Court construes the Motion for

Reconsideration as a motion to alter or amend the judgment under Rule 59(e) of the Federal

Rules of Civil Procedure.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States

Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very
> narrow circumstances: "(1) to accommodate an intervening change in controlling
> law; (2) to account for new evidence not available at trial; or (3) to correct a clear
> error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers

Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to

make arguments that could have been made before the judgment was entered." Id. Indeed, the

circumstances under which a Rule 59(e) motion may be granted are so limited that

"[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule

59(e) motions typically are denied.'" <u>Woodrum v. Thomas Mem'l Hosp. Found., Inc.</u>, 186

F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary

Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner seeks alteration of the Court's prior judgment denying and dismissing

Petitioner's § 2255 motion.  (Doc. No. 3).  The Court will deny Petitioner's motion to alter or

amend as well as Petitioner's motion for an evidentiary hearing.  In its prior Order, this Court

dismissed the § 2255 motion after an initial review, finding that Petitioner is a state court

prisoner and that Petitioner's separate § 2254 petition is pending before this Court.  (<u>Id.</u> at 2).

Petitioner has simply not shown that an alteration of the Court's prior Order is warranted or that

he is entitled to an evidentiary hearing.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration and

Motion for Evidentiary Hearing, (Doc. No. 5), is **DENIED**.


Signed: May 24, 2012


Robert J. Conrad, Jr.
Chief United States District Judge